UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN O'BEAR | CIVIL ACTION NO. 21-cv-00691 |
| | JUDGE: JOHN W. deGRAVELLES |
| VERSUS | |
| | MAGISTRATE JUDGE: |
| | ERIN WILDER-DOOMES |
| DOORDASH INC., AND VOYAGER INDEMNITY INSURANCE COMPANY | |

**MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS**

MAY IT PLEASE THE COURT

Voyager Indemnity Insurance Company ("Voyager") respectfully moves to dismiss plaintiff's claims against it (1) to recover for the alleged fault of non-party tortfeasor Brandon Jenkins (2) in Mr. Jenkins' capacity as an insured under the Voyager policy. Fed R. Civ. Pro 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a legally cognizable claim for relief that is plausible on its face.[1] In this matter, the plaintiff states no legally cognizable claim for relief, to recover from Voyager for the alleged fault of the tortfeasor driver, Brandon Jenkins, in his capacity as an insured.

---

[1] *Howell v. Town of Ball*, 827 F.3d 515, 521 (5th Cir. 2016); *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

1

I.

**INTRODUCTION**

This is a personal injury claim, related to an automobile accident that occurred on October 31, 2020, on Old Hammond Highway, in East Baton Rouge Parish, Louisiana.[2]

The plaintiff in this matter is "Wanda Moore Jackson, as Representative of the Succession of Jonathan O'Bear."[3] Ms. Jackson recently replaced original plaintiff Jonathan O'Bear, who commenced this action on October 28, 2021, by suing DoorDash, Inc. and Voyager in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[4] On November 30, 2021, the defendants removed the plaintiff's state court action to federal court.[5] On February 24, 2022, Ms. Jackson filed her Amended Complaint for Damages, to replace Mr. O'Bear.[6]

According to Ms. Jackson, Mr. Jenkins caused the accident when he changed lanes in front of the vehicle that Mr. O'Bear was driving at the time.[7] Plaintiff alleges that defendant DoorDash, Inc. employed Mr. Jenkins at the time of the incident, and that Mr. Jenkins was in the course and scope of his alleged employment when the incident occurred.[8]

Mr. Jenkins' alleged employment status is contested -- defendant DoorDash denies that it "employed" Mr. Jenkins within the meaning of alleged *respondeat superior* liability under

---

[2]  Doc. 18, Amended Complaint for Damages, ¶ 5.
[3]  Doc. 18, Amended Complaint.
[4]  Doc. 2-1
[5]  Doc. 1
[6]  Doc. 18, Amended Complaint. Plaintiff's amended complaint supersedes plaintiff's original petition. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended complaint supersedes earlier pleading unless amended complaint refers to and adopts or incorporates by reference the earlier pleading).
[7]  Amended Complaint, ¶¶ 5, 6, 14, 15.
[8]  Amended Complaint, ¶¶ 8, 13-16.

Louisiana law.[9]  Nevertheless, plaintiff attempts to state a claim against DoorDash, Inc., to recover for (1) the fault of Brandon Jenkins and also (2) negligent hiring, training and supervision, etc.[10]

Related to Voyager, plaintiff alleges at "Count II – Voyager Indemnity Insurance Company," that Voyager "had in full force and effect a policy of liability insurance providing coverage in favor of . . . Brandon Jenkins. . . . "[11]

As explained below, Mr. Jenkins is potentially an insured under the Voyager policy, provided that at the time of the incident he was "actually fulfilling a delivery" on a "direct and uninterrupted path" subject to all of the terms and conditions of the Voyager policy.  This coverage applies, regardless of Mr. Jenkins' alleged status as a DoorDash "employee."

However, the plaintiff cannot assert her claim against Voyager in this matter to recover for the alleged fault of Brandon Jenkins, based on Mr. Jenkins' alleged status as an insured.  Specifically, notwithstanding the possibility of an action against Voyager under the Louisiana Direct Action Statute,[12] the plaintiff has failed to comply with the statute by also commencing this action against Mr. Jenkins.[13]

---

[9]    Answer of DoorDash (Doc. 19), Sixth Defense: "DoorDash is not liable to Plaintiff because the wrongful acts alleged in this matter were committed, if at all, by an individual who was an independent contractor for whom DoorDash is not vicariously liable."
[10]    Amended Complaint, "Count I – Negligence Against DoorDash, Inc."
[11]    Amended Complaint, ¶ 18.
[12]    LA R.S. 22:1269
[13]    *Soileau v. Smith True Value & Rental,* 2012-1711 (La. 6/28/13); 144 So.3d 771; *Cashio v. Encompass Ins. Co. of America,* 2014 WL 4667579 (La.App. 1 Cir.,2014),  writ denied, 2014-2534 (La. 2/27/15), 159 So. 3d 1068, and *writ denied,* 2014-2538 (La. 2/27/15), 159 So. 3d 1069.

## II.

## **INSURANCE COVERAGE**

In considering a Rule 12(b)(6) motion to dismiss, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto."[14] Nevertheless, the court may also consider documents that are referred to in the pleadings and which are central to a plaintiff's claim.[15] In view of this principle, in the context of an action to enforce an insurance contract the court may also consider the terms of the policy in evaluating a motion to dismiss.[16]

Related to this matter, Voyager Indemnity Insurance Company issued policy no. FAR1300006 to named insured DoorDash, Inc.[17] Under the policy, Voyager agreed to pay (1) all sums an insured must pay as damages (2) because of bodily injury or property damage to which the insurance applies, (3) resulting from the use of a "covered auto" (4) within the "term of coverage."[18]

The Voyager coverage does not apply to any accident or loss involving (1) a delivery operator, or (2) any auto used by a delivery operator, except as expressly added by the Delivery Endorsement.[19] Under the Delivery Endorsement, the term of coverage "applies only while the delivery operator is actually fulfilling a delivery" as specified in the endorsement, on a "direct and uninterrupted path."[20]

---

[14]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[15]     *Brand Coupon Network L.L.C v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[16]     *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007) (omitted); *cert. denied*, 128 S. Ct. 1230, and *cert. denied*, 128 S. Ct. 1231 (2008).
[17]     A certified copy of the policy is attached as Exhibit A.
[18]     Exhibit A.  Form FAR1001P-0918 at Section II – Liability Coverage, A. Coverage, and Section IV – Conditions, M. Policy Period, Coverage Territory.
[19]     Exhibit A.  Form FAR10051E-0519.
[20]     Delivery Endorsement, form FAR10051E-0519

Under the Delivery Endorsement, a "covered auto" includes any auto being used by a delivery operator, but only for an accident occurring during the delivery operator's "term of coverage."[21]  Liberally reading the plaintiff's complaint, plaintiff alleges that Mr. Jenkins was, in effect, a delivery operator actually fulfilling a delivery at the time of the incident.[22]  If these allegations are proven, then Mr. Jenkins would also be an insured, under the terms of the Delivery Endorsement, which provides that:

> QUOTE
>
> Under **SECTION II - LIABILITY COVERAGE**, A. Coverage, 1. Who Is an Insured, the following is added:
>
>> Delivery operators, but only for an accident occurring during the delivery operator's term of coverage.
>
> END QUOTE[23]

Thus, Voyager is potentially responsible under the policy, for the alleged fault of Brandon Jenkins, regardless of his status as an employee.  However, the plaintiff has not sued Mr. Jenkins in this proceeding, and none of the exceptions provided for by the Direct Action statue apply, to potentially excuse the plaintiff's omission.

### III.

### LAW AND ARGUMENT

**A.  PLAINTIFF HAS NOT STATED A VALID DIRECT ACTION CLAIM AGAINST VOYAGER IN ITS CAPACITY AS THE INSURER OF BRANDON JENKINS.**

The Louisiana Direct Action Statute, LA R.S. 22:1269(B)(1), under limited circumstances, creates a procedural right of action against an insurer where the plaintiff has a

---

[21]  Delivery Endorsement, form FAR10051E-0519
[22]  See, e.g., Amended Complaint at ¶ 8, 13.
[23]  Delivery Endorsement, form FAR10051E-0519

5

substantive cause of action against the insured. *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 6/28/13); 144 So.3d 771, at 776.

LA R.S. 22:1269(B)(1) states:

QUOTE

B. (1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:

(a) The insured has been adjudged bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

(b) The insured is insolvent.

(c) Service of citation or other process cannot be made on the insured.

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

(e) When the insurer is an uninsured motorist carrier.

(f) The insured is deceased.

END QUOTE

A direct action may be brought against an insurer alone only under one of the six circumstances listed in LA R.S. 22:1269(B)(1).[24] In the case at hand, none of the six enumerated circumstances are present.

---

[24] *Soileau v. Smith True Value & Rental,* 2012-1711 (La. 6/28/13); 144 So.3d at 777.

Crucially for purposes of this proceeding, where a plaintiff has no procedural right to sue an insurer under the Direct Action Statute, the plaintiff fails to state a plausible claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).[25]  Thus, the plaintiff has not stated a claim for which relief can be granted against Voyager related to the alleged fault of Brandon Jenkins in Mr. Jenkins' capacity as a (potential) insured under the Voyager policy.

**B.    MOTION TO DISMISS STANDARD**

Under the Federal Rules, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  In view of Rule 8, as a starting point, plaintiffs must include factual allegations in their pleadings to show that they are entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007).

Crucially, the complaint must show that the plaintiff is "entitled to relief."  As shown above, the plaintiff states no legally cognizable claim for relief, to recover from Voyager for the alleged fault of the tortfeasor driver, Brandon Jenkins, in his capacity as a (potential) insured.

Specifically, under the terms of the Direct Action Statute, a plaintiff must "bring" or "commence" action against both the insured and the insurer in order to seek relief from the insurer.[26]  Both the United States Supreme Court and the Louisiana Supreme Court have recognized that an action is "brought" or "commenced" at the time it is initially filed.[27]

---

[25]     *Pate v. Tim Clark Constr., LLC*, 487 F.Supp.3d 536 (E.D. La. 2020) at 546.
[26]     *Soileau v. Smith True Value & Rental,* 2012-1711 (La. 6/28/13); 144 So.3d 771; *Cashio v. Encompass Ins. Co. of America,* 2014 WL 4667579 (La.App. 1 Cir.,2014).
[27]     *Goldberg v. Murphy*, 108 U.S. 162, 163-164, 2 S.Ct. 288, 289, 27 27 L.Ed. 686 (1883); *Soileau v. Smith True Value & Rental,* 2012-1711 (La. 6/28/13); 144 So.3d at 778; *Cashio v. Encompass Ins. Co. of America,* 2014 WL 4667579 at *6 (La.App. 1 Cir.,2014).

## IV.

## **CONCLUSION**

As shown above, the plaintiff has not stated a claim for which relief can be granted against Voyager related to the alleged fault of Brandon Jenkins in Mr. Jenkins' capacity as a (potential) insured under the Voyager policy. Accordingly, Voyager respectfully prays that the court grant its partial motion to dismiss.

Respectfully submitted,

*/s/ Brian J. D'Angelo*
GORDON P. SEROU, JR. (No. 14432)
BRIAN J. D'ANGELO (No. 39151)
Law Offices of Gordon P. Serou, Jr., LLC
gps@seroulaw.com
365 Canal Street, Suite 2280
New Orleans, Louisiana 70130
Tel:    504-207-1910
Fax:    504-784-6428

*Attorneys for Voyager Indemnity Insurance Company*